IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRAD ELLSBERRY, #115934                                                         PETITIONER

v.                                                               CIVIL NO. 1:23-cv-39-HSO-BWR

MISS. DEPT. OF CORRECTIONS                                                     RESPONDENT

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I.   BACKGROUND

Pro se Petitioner Jerrad Ellsberry ("Petitioner"), an inmate of the Central Mississippi Correctional Facility in Pearl, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction and sentence in the Circuit Court of Stone County, Mississippi, for possession of a controlled substance. *See* Pet. [1] at 1.

On March 28, 2023, the Magistrate Judge entered an Order [4] directing Petitioner to file a response stating the name of his custodian and providing information establishing that Petitioner had exhausted his available state court remedies. Order [4] at 2. Petitioner was directed to file a written response on or before April 14, 2023. *Id*. The Order [4] warned Petitioner that "his failure to fully comply with this Order in a timely manner or failure to keep this Court

informed of his current address may result in the dismissal of this cause." *Id*. Petitioner did not file the required response or otherwise respond to the Order [4].

On May 3, 2023, the Magistrate Judge entered an Order to Show Cause [5] which required that, on or before May 19, 2023, Petitioner: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [4]; and (2) comply with the Court's previous Order [4] by filing a response stating the name of his custodian and providing information establishing that Petitioner had exhausted his available state court remedies. Order to Show Cause [5] at 1-2. Petitioner was warned that "failure to fully comply with this Order in a timely manner or failure to keep this Court informed of his current address may result in the dismissal of this cause." *Id*. at 2. On May 26, 2023, the envelope [6] containing the Order to Show Cause [5] was returned by the postal service stating, "RETURN TO SENDER, INSUFFICIENT ADDRESS, UNABLE TO FORWARD."[1] Mail Returned [6] at 1. The envelope [6] also had a notation reading, "Expriation [sic] [of] Sentence Released." *Id*. Petitioner did not respond to the Order to Show Cause [5] or otherwise contact the Court about this case.

---

[1] The Court finds that Petitioner's address was the one he provided to the Court. *See* Envelope [1-2] at 1.

2

Since Petitioner is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [4], [5]. On June 6, 2023, the Magistrate Judge entered a Second and Final Order to Show Cause [7] which required that, on or before June 21, 2023, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [4], [5]; and (2) comply with the Court's previous Orders [4], [5] by filing a response stating the name of his custodian and providing information establishing that Petitioner had exhausted his available state court remedies. Second and Final Order to Show Cause [7] at 2. Petitioner was again warned that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this cause being dismissed without prejudice and without further notice to Petitioner." *Id.* at 3. The envelope [8] containing the Second and Final Order to Show Cause [7] was returned by the postal service stating, "RETURN TO SENDER, NO SUCH STREET, UNABLE TO FORWARD."[2] Returned Mail [8] at 1. Petitioner did not respond to the Second and Final Order to Show Cause [7] or otherwise contact the Court about his case, and Petitioner has taken no action in the case since February 13, 2023.

---

[2] The envelope containing the Second and Final Order to Show Cause [7] was addressed to Petitioner at his last known address which is a post office box. Mail Returned [8] at 2.

3

## II. DISCUSSION

The Court has the authority to dismiss an action for a petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Petitioner did not comply with three Court Orders or supply the Court with a current address after being warned that failing to do so would result in the dismissal of his lawsuit. *See* Second and Final Order to Show Cause [7] at 3; Order to Show Cause [5] at 2; Order [4] at 2. Despite these warnings, Petitioner has not contacted the Court or taken any action in the case since

February 13, 2023, when he filed this Petition for Habeas Relief [1]. Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Petitioner no longer wishes to pursue this case. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 10th day of July, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE